OPINION
Plaintiff-appellant, Kelli Davis, appeals the decision of the Jefferson County Court of Common Pleas designating defendant-appellee, Richard Davis, as the residential parent of the parties' two minor children.
The parties were married on August 25, 1995. Two children were born, Victoria (D.O.B. 12/03/93) and Nicholas (D.O.B. 06/12/96). The parties were issued a divorce on January 31, 1997. The court granted them shared parenting rights whereby the children would reside with each parent for alternating six-month periods.
On December 3, 1997, appellee filed a motion to have himself designated as the sole residential parent of the children. The magistrate recommended that the parties continue the alternating six-month periods with the children and the court adopted the magistrate's recommendation.
The divorce decree stated that custody of the children was to be reviewed prior to the oldest child starting kindergarten. Accordingly, since Victoria would begin kindergarten in the fall of 1999, appellee again filed a motion to have himself designated the sole residential parent on July 30, 1999. Appellant filed a reciprocal motion to designate her as the residential parent on August 9, 1999.
The magistrate conducted another evidentiary hearing and recommended that appellant be designated the residential parent. Appellee filed an objection to the recommendation and asked the court to interview the children. The court conducted the interview over appellant's objection and also appointed a guardian ad litem for the children.
The court noted that it had substantially more information at its disposal than did the magistrate and reversed the magistrate's recommendation. The court designated appellee the residential parent. This appeal followed.
Appellant raises six assignments of error. Her first assignment of error states:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS THE COURT BASED ITS FINDINGS AND ULTIMATE DECISION UPON EVIDENCE THAT WAS PREVIOUSLY PRESENTED TO AND CONSIDERED BY THE COURT, PRIOR TO THE ISSUANCE OF THE PRIOR PARENTING DECREE IN VIOLATION OF OHIO REVISED CODE 3109.04(E)(1)."
Appellant argues that there was not a sufficient change in circumstances to warrant modification of the shared parenting plan since the court's prior decree which denied appellee's first motion to designate him as the residential parent. She claims that the only evidence that supports the court's findings is the evidence that was presented to the court in connection with appellee's first motion. The evidence previously before the court in relation to the April 26, 1999 decision had to do with instability in appellant's life including numerous changes of address and numerous live-in boyfriends.
In order to modify a prior decree allocating parental rights and responsibilities the court must find that, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change in circumstances has occurred with the child, his residential parent, or either of the parents subject to a shared parenting decree and that the modification is necessary to serve the best interest of the child. R.C. 3109.04(E)(1)(a). The trial court's determination as to whether a change in circumstances has occurred should not be disturbed on appeal absent an abuse of discretion. Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus.
The court found a change in the circumstances warranting a modification of parental rights in accordance with R.C. 3109.04(E)(1)(a). At the time of the divorce, both parties resided in the Steubenville School District. Appellant now lives two school districts away in Tiltonsville, Ohio. The original shared parenting decree provided for the children to spend alternating six-month periods with each parent. This is no longer possible or in the best interest of the children due to the fact that Victoria has begun school. When appellee filed his previous motion to have himself designated as the sole residential parent, this was not the case.
Also, the change of circumstances is built into the Divorce Decree. It specifies that the question of who shall remain the residential parent of the children shall be reviewed by the court prior to the oldest child commencing kindergarten. Therefore, appellant's first assignment of error lacks merit.
Appellant's second assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE PRESENTATION OF ADDITIONAL EVIDENCE AT THE HEARING ON APPELLEE'S OBJECTION TO THE MAGISTRATE'S DECISION."
After the magistrate issued its recommendation, appellee objected and requested that the court interview the children. The court granted the request over appellant's objection.
Appellant argues that since appellee did not request that the magistrate interview the children, he could not then ask this of the trial court. Appellant also argues that Civ.R. 53(E)(4)(b) should have kept the court from interviewing the children. Civ.R. 53(E)(4)(b) provides that the court "may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
In any proceeding for modification of a prior court order allocating parental rights and responsibilities, the court, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation. R.C. 3109.04(B)(1).; Franklin v. Franklin (Apr. 28, 1999), Columbiana App. No. 97-CO-54, unreported, 1999 WL 260906.
In addition to the language that appellant cites Civ.R. 53(E)(4)(b) for, the rule also states that upon consideration of any objections to a magistrate's decision the court may "adopt, reject or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." (Emphasis added.) This rule specifically gives the trial court the discretion to hear additional evidence not presented to the magistrate. Accordingly, appellant's second assignment of error lacks merit.
Appellant's third assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN REVERSING THE MAGISTRATE'S RECOMMENDATION WITHOUT THE PRESENCE OF AN OBJECTION TO THE BASIS FOR THE RECOMMENDATION (FINDINGS OF FACT AND CONCLUSIONS OF LAW) AND A DEFICIENT RECORD."
The magistrate recommended that appellant be designated the residential parent. Appellee objected to this recommendation but did not request findings of fact or conclusions of law.
Appellant argues that if a party is dissatisfied with a magistrate's recommendation then he should request findings of fact and conclusions of law. Appellant further argues that the failure to specifically object to findings of fact or conclusions of law constitutes a waiver of those objections. Civ.R. 53(E)(3)(b).
Unless specifically required by the order of reference, a magistrate is only required to prepare a decision. Civ.R. 53(E). Although it may be the better practice to request findings of fact and conclusions of law when filing objections to a magistrate's decision, nowhere in the Rules of Civil Procedure is it required that a party must make this request. The only requirement that appellee had to meet when he filed his objections to the magistrate's decision was that the objections be specific and state with particularity the grounds of the objection. Civ.R. 53(E)(3)(b).
Appellee's objections are to the first of the magistrate's eight recommendations which assert that appellant should be designated the residential parent of the children. Appellee set out the reasons for his objections in detail, including his belief that the magistrate's recommendation was not supported by the evidence and was not in the best interest of the children. He alleged that appellant could not provide a long term, stable environment for the children. He also alleged that appellant was inflexible in accommodating his requests for schedule changes. He claimed that appellant has frustrated his attempts to speak to the children on the telephone and that she is not the parent more likely to honor and facilitate visitation with the children. Appellee also asserted that appellant failed to provide employment verification to the court as ordered. Given these allegations and others, appellee's objections were very specific and particular. Therefore, appellant's third assignment of error is without merit.
Appellant's fourth assignment of error states:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO PROPERLY ASCERTAIN THE WISHES OF THE CHILDREN IN VIOLATION OF RC [sic] 3109.04(B)(1)."
Appellant states that when conducting an interview with a child, the court is to determine the reasoning ability of the child. R.C.3109.04(B)(2)(b). The court determined that Victoria had sufficient reasoning ability to express her wishes in regards to whom she wanted to live with. It states that it considered her wishes in making its decision.
Appellant argues that the record is silent as to how the court made the determination that Victoria had sufficient reasoning ability, whether any special circumstances existed, and what were Victoria's wishes. She also argues that there must be heightened concern when dealing with a young child. She states that this court has affirmed a trial court's determination that a young child, age five and one-half, lacked sufficient reasoning ability to consider his wishes. Franklin, supra.
If the court interviews a child regarding her wishes and concerns with respect to the allocation of parental rights and responsibilities, it must follow the procedure set out in R.C. 3109.04(B)(2)(b) which states:
 "The court first shall determine the reasoning ability of the child. If the court determines that the child does not have sufficient reasoning ability to express his wishes and concern with respect to the allocation of parental rights and responsibilities for the care of the child, it shall not determine the child's wishes and concerns with respect to the allocation. If the court determines that the child has sufficient reasoning ability to express his wishes or concerns with respect to the allocation, it then shall determine whether, because of special circumstances, it would not be in the best interest of the child to determine the child's wishes and concerns with respect to the allocation. If the court determines that, because of special circumstances, it would not be in the best interest of the child to determine the child's wishes and concerns with respect to the allocation, it shall not determine the child's wishes and concerns with respect to the allocation and shall enter its written findings of fact and opinion in the journal. If the court determines that it would be in the best interests of the child to determine the child's wishes and concerns with respect to the allocation, it shall proceed to make that determination."
This section states that written findings are required only when the court makes a finding that special circumstances exist. Butland v.Butland (June 27, 1996), Franklin App. No. 95APF09-1151, unreported, 1996 WL 362038. There is no indication in the record that the trial court found any special circumstances existed. Therefore, since the court found that Victoria is a "very bright and articulate child with sufficient recall and reasoning that her preferences should be a consideration," it was proper for it to consider Victoria's wishes and concerns when determining her best interests.
In Franklin, supra, to which appellant cites, this court stated that it refused to substitute its judgment for that of the magistrate and the trial court on the issue of whether children as young as four and one-half and five and one-half should be deemed to have the reasoning ability to determine their future. Although this court upheld the trial court's decision that those children did not have sufficient reasoning ability, our holding was not, as appellant interprets it to mean, that all children of this age are without sufficient reasoning ability to express their wishes and concerns regarding the allocation of parental rights and responsibilities. In that case we deferred to the judgment of the trial court which we will also do in the present case.
Also, Victoria's wishes were not dispositive. The court considered her wishes along with other factors. Accordingly, appellant's fourth assignment of error lacks merit.
Appellant's fifth assignment of error states:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ISSUING ITS ORDER WITHOUT A RECOMMENDATION OR ADEQUATE REPORT BY THE GUARDIAN AD LITEM."
Appellant argues that the guardian ad litem failed to provide adequate reports, take a position with regard to the children's reasoning ability, or make any recommendations as to their best interests. Appellant argues that since the guardian ad litem's report and observations were inadequate, the trial court's order is defective as far as it was based on the guardian ad litem's report.
The role of a guardian ad litem is to investigate the children's situation and to act in their best interest. In re Baby Girl Baxter
(1985), 17 Ohio St.3d 229, 232. The guardian ad litem in this case met with both parties and went to both residences. At each home he spoke with and observed the children. He prepared a report which included background information on both parties, a description of the condition of their respective homes, and information about his time with the children.
Although the guardian ad litem did not explicitly state what he believed was in the children's best interest, he indicated it in his report and summary. He stated that both parties were loving parents and they both had suitable homes for the children. He went on to say that Victoria indicated that she would rather live with her father and that the children seemed more relaxed in their father's home.
Although the trial court states that it considered the guardian adlitem's report, it is not possible for this court to determine how much weight the trial court gave to it. The guardian ad litem's report was not the sole factor relied upon by the trial court in making its determination. The court states that it considered the transcript of the magistrate's hearing, the briefs and oral arguments of both parties, the guardian ad litem's report, and the interview with the children. Based on the preceding reasons, appellant's fifth assignment of error is without merit.
Appellant's final assignment of error states:
 "THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO THE CHILDREN'S BEST INTERESTS IN VIOLATION OF OHIO REVISED CODE 3109.04(F)(1)."
Appellant argues that the facts that have arisen since the prior decree on April 26, 1999 do not support the court's ruling. She testified to the following. She is now engaged to Roger Davis with whom she has maintained a relationship with since the previous hearing. The children enjoy a good relationship with Roger and his family. Appellant has moved only once since the prior hearing. She received her realtor's license. By working as a realtor, appellant has more flexibility in her schedule so she can care for the children. When she needs a babysitter, Roger and his mother are available. Appellant has utilized a daycare facility. Mary Davis, Roger's mother, testified that appellant has a very good relationship with the children.
Appellant argues that the court's characterization of her lifestyle is not supported by the record. She specifically refers to finding number two by the court that states:
 "Plaintiff's [appellant's] circumstances from the divorce to the present time have been guided primarily by her own best interests and not the children's. She has repeatedly moved her home from place to place and has apparently become engaged to one man while living with another at least twice. Plaintiff now lives with her second post divorce fiancé and claims that she will no longer uproot the children. In the Court's experience; however, past behavior remains the best evidence of future conduct." (December 23, 1999 Order)
Appellant also argues that there is no finding that her lifestyle has affected the children in any way. She cites to Inscoe v. Inscoe (1997),121 Ohio App.3d 396, 414, which held that a parent's conduct has no relevance to the allocation of parental rights and responsibilities absent proof that the conduct has adversely affected the child.
Appellant next points out that the court found that neither party is more or less likely to facilitate visitation. She argues that the record does not support this finding. She and Roger testified that she has and would maintain the children's relationship with appellee if she was designated the residential parent. Also, Roger testified that if appellant was designated the residential parent he would not interfere with the children's relationship with appellee. Appellant testified that she has made accommodations in visitation for appellee.
The abuse of discretion standard is applicable to appellate review of matters concerning custody. Miller v. Miller (1988), 37 Ohio St.3d 71,74. In such proceedings the court of appeals should not independently weigh evidence but should be guided by the presumption that the trial court's findings are correct. Id.
When modifying a prior decree allocating parental rights and responsibilities, the court must first find, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change of circumstances has occurred with the child or either of the parents subject to a shared parenting decree and second that the modification is in the best interest of the child. R.C. 3109.04(E)(1)(a). The court must also find that one of the following applies: the residential parent agrees to change or both parents under a shared parenting decree agree to a change in the designation of residential parent; the child, with consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent; or, the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child. R.C. 3109.04(E)(1)(a)(i) to (iii).
As was previously established, the court found a sufficient change in circumstances to review the prior shared parenting decree.
According to R.C. 3109.04(F)(1), in determining the best interest of a child the court shall consider all relevant factors including:
a) The wishes of the child's parents;
 b) The wishes and concerns of the child, as expressed to the court, if the court has interviewed the child;
 c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 d) The child's adjustment to his home, school, and community;
e) The mental and physical health of all persons involved;
 f) The parent more likely to honor and facilitate court approved visitation and companionship rights;
 g) Whether either parent has failed to make court ordered child support payments, including all arrearages;
 h) Whether either parent has been convicted of or pleaded guilty to any criminal offense that resulted in a child being abused or neglected; or whether either parent has been determined to be a perpetrator of abusive or neglectful acts toward a child ; or whether either parent had been convicted of or pleaded guilty to other specified offenses;
 i) Whether one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to court ordered visitation;
 j) Whether either parent has established, or is planning to establish, a residence outside this state.
The court made the following findings regarding the above factors in its order of December 23, 1999. Both parents wish to have custody of the children. The court interviewed Victoria and considered her wishes. The children interact well with each other and with both of their parents. The children get along with appellant's fiancé and are particularly attached to their paternal grandmother. Neither party has proved to be more or less likely to honor and facilitate visitation. Neither party has failed to make child support payments, although appellant failed to report her income to the Child Support Enforcement Agency. Neither party has any record, criminal or otherwise, that would suggest that the children would be neglected or endangered. Neither party has continually and willfully denied the other parent visitation. Neither party has established nor appears to be planning to establish a residence outside of the state.
The court also considered several additional findings. Appellant has moved several times and has been engaged to one man while living with another at least twice. Appellant now lives with her second post-divorce fiancé and claims that she will no longer uproot the children. Appellee's circumstances have remained stable. He continues to be employed by the same employer and live in the same home with his parents. Appellee does not fall in and out of love in rapid succession and therefore does not make and break relationships between the children and others. The guardian ad litem interviewed both children in both residences and reported that they seem more comfortable and at ease in appellee's home than appellant's home. The children receive more personal attention in appellee's home than appellant's home largely due to the presence of appellee's mother in the home. The current shared parenting plan is no longer in the best interest of the children due to the lack of cooperation between the parties and the change in appellant's address that has taken her two school districts away.
It is apparent from the above findings that the trial court took all relevant factors into consideration in determining the best interest of the children.
It appears from the evidence that the harm likely to be caused by change of environment is outweighed by the advantages of the change of environment to the children. Since the children have been alternating living with each parent for six-month periods, the award of custody to appellee will not place them in an environment with which they are unfamiliar. Thus, the harm likely to be caused to them is virtually non-existent. The advantage that the court's order gives to the children is stability. It also is necessary for one parent to be designated the residential parent for purposes of which school district the children attend.
Appellant correctly states that a court's inquiry into the moral conduct of a custodial parent is limited to the determination of the affect that such conduct has had on the child. Zubay v. Zubay (Nov. 26, 1980), Columbiana App. No. 79-CO- 48, unreported. The only indication that the trial court found that appellant's numerous moves and boyfriends have adversely affected the children is its finding that appellant makes and breaks relationships between the children and others.
Even if the court improperly considered appellant's lifestyle over the past few years, there are still a sufficient number of other findings that support the trial court's decision. The number of findings favoring appellee as the residential parent outweigh the number of findings supporting appellant as the residential parent.
Although it seems that either parent would provide a suitable home for the children, we should defer to the trial court's judgment since it reached its decision by considering the relevant factors, statutory and otherwise. Therefore, appellant's sixth assignment of error lacks merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
Cox, J., concurs
Vukovich, J., concurs